Filing # 112552013 E-Filed 08/28/2020 12:43:09 PM

                                      IN THE CIRCUIT COURT OF THE
                                      NINTH JUDICIAL CIRCUIT IN AND
                                      FOR ORANGE COUNTY, FLORIDA

**KATY CADET,**

                                      CASE NO.: _____

        **Plaintiff,**

vs.

**RADIXX SOLUTIONS INTERNATIONAL, INC.,**
a Foreign Profit Corporation,

        **Defendant.**
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KATY CADET (hereafter "CADET"), by and through her counsel, hereby files this Complaint and Demand for Jury Trial against RADIXX SOLUTIONS INTERNATIONAL, INC. (hereafter "RADIXX"), and alleges as follows:

### NATURE OF ACTION

1. This is an action arising from and seeking redress against RADIXX for gender, pregnancy discrimination, disability discrimination, failure to accommodate and retaliation pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA").

2. CADET also alleges unlawful retaliation against RADIXX as prohibited by the State of Florida's Private Sector Whistleblower Act, Florida Statutes, §§448.101, *et seq*.

3. CADET also alleges violations of the Family and Medical Leave Act ("FMLA").

### JURISDICTION AND VENUE

4. The claims asserted herein seek damages in excess of $30,000. This Court possesses jurisdiction over this Complaint.

5. Venue is proper in the Circuit Court of the Ninth Judicial Circuit as the acts and occurrences giving rise to the claims asserted herein took place in Orange County, Florida.

## PARTIES

6. At all times material hereto, CADET has been a resident of the state of Florida, with her principal place of residence in Orange County, Florida.

7. At all times material hereto, RADIXX was and is a Foreign Profit Corporation, doing business in Orange County, Florida.

8. At all times material hereto, RADIXX was an "employer" as defined by Florida Statutes, § 760.02(7), because it engaged in an industry affecting commerce and has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the year the unlawful employment practices took place and the preceding calendar year.

9. At all times material to this action, RADIXX was an "employer" within the meaning of Florida Statutes, §448.101(3), in that RADIXX is a Foreign Profit Corporation that regularly employed ten (10) or more persons.

10. At all times material hereto, RADIXX was likewise a covered employer under the FMLA, as it employed fifty (50) or more employees in, or within seventy five (75) miles of, the location where CADET worked.

11. At all times material hereto, CADET was employed by RADIXX, as defined by the FMLA, and met all eligibility requirements for protected leave under the FMLA, including having worked for at least twelve (12) months and not less than one thousand two hundred fifty (1,250) hours during the twelve month period preceding her leave request.

12. At all times material hereto, RADIXX was the employer of CADET.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

2

13. CADET exhausted her administrative remedies under the FCRA by dual-filing Charges of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) within three hundred sixty-five (365) days of the discriminatory conduct alleged in this action.

14. The FCHR made no determination as to the merits of CADET's allegations within the one-hundred eighty (180) day period following the filing of the Charge of Discrimination. As a result, CADET has satisfied any and all administrative requirements precedent to the filing of this action and is permitted to proceed to court pursuant to § 760.11, Florida Statutes.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. CADET was hired by RADIXX on or around September 18, 2007, as a Staff Accountant.

16. After excelling in her initial two years of employment with RADIXX, CADET received a promotion to Human Resources Manager in 2009.

17. Prior to CADET's promotion to Human Resources Manager, RADIXX did not have a Human Resources department, and CADET managed the department from its inception.

18. During the year of 2013, CADET received her Master's degree in Human Resources from The University of Central Florida, and she was promoted to Director of Human Resources at RADIXX.

19. CADET announced her pregnancy to RADIXX management on or around June 11, 2018.

20. On June 28, 2018, CADET had her annual performance review with John Elieson, CEO, and Jamie Schulze, COO. CADET received positive feedback on her review.

21. Because RADIXX had recently undergone a personnel change whereby CADET would now be reporting to Schulze, CADET asked Elieson if she would still be attending weekly staff meetings.

22. Elieson told CADET that she would continue to attend the staff meetings, since her attendance was necessary to perform her job duties.

23. Despite the assurances that Elieson had given to CADET, by July of 2018, she began to experience discrimination and was excluded from the weekly staff meetings.

24. When CADET asked her manager, Schulze, why she was no longer being included in the meetings, Schulze told her that she was no longer needed in these meetings. CADET, however, was aware that important employee related issues were often discussed and implemented during these meetings.

25. During the following month of September 2018, RADIXX's Director of Account Management, Nick Wilson, resigned.

26. Schulze was reluctant to have Wilson leave, and so she offered to create a new position of Chief of Staff for him.

27. Wilson accepted the position, and CADET requested the job description from Schulze, but she never received it.

28. Having not received the job description for Wilson's new position, CADET once again sought clarification from Schulze about his role and duties.

29. Schulze responded by saying that Wilson would be assisting CADET to manage the various departments, and that since CADET was going on maternity leave, he could temporarily assume some of her duties.

30. On or around October 15, 2018, RADIXX underwent a reduction in force ("RIF").

31. CADET was not included in any of the discussions or decisions leading up to the RIF.

32. Instead, Elieson and Schulze assigned Wilson to orchestrate the process.

33. By October 29, 2018, CADET was told by RADIXX management that she would report to Wilson, even though Wilson was reluctant to oversee HR operations given that he had no experience in the field.

34. CADET was devastated to learn that her role in the company was being undermined and that she was being effectively demoted.

35. CADET voiced her frustrations to Schulze and Kevin Mahoney, Chief Financial Officer, and asked Schulze why she was demoted immediately after she announced her pregnancy.

36. Schulze did not have a response for CADET.

37. On October 31, 2018, CADET began to experience sharp stomach pains. She alerted her husband and was rushed to the hospital.

38. The doctors determined that CADET needed to immediately undergo an emergency Caesarean section.

39. CADET's son was born at 2:04 a.m. on November 1, 2018. Her delivery was premature by approximately 6 weeks, given her December 15, 2018 due date.

40. CADET's son was severely underweight and was required to stay in the hospital for a total of 20 days.

41. Further complicating the stress and anxiety of the birth, while in the hospital, CADET was told by several employees that RADIXX planned to terminate her and replace her with Wilson.

42. A recruiter at RADIXX told CADET that the Company was searching for a new Human Resources hire and asked CADET if she was not returning to her position after her FMLA leave.

43. Glorimar Hefner, Controller, also told CADET that RADIXX would allow CADET to come back to train Wilson but then terminate her soon after.

44. CADET had never communicated to anyone at RADIXX that she did not plan on returning after her FMLA leave.

45. During the time leading up to her delivery, CADET experienced several pregnancy complications, including having dangerously high blood pressure.

46. CADET's doctor recommended requesting reduced hours from RADIXX as a temporary reasonable accommodation.

47. When CADET requested an accommodation from Schulze for a short-term period until her delivery, Schulze gave no response and simply ignored the request.

48. Moreover, after her traumatic delivery, CADET had several complications involving the re-opening of her Caesarean section wound. CADET asked management for a reasonable accommodation and again, never received a response.

49. On January 25, 2019, CADET spoke to Wilson during a "kick off call" and asked him again for a reasonable accommodation due to her pregnancy complications, but Wilson flatly denied her request.

50. In addition to the discrimination against and failure to accommodate CADET, RADIXX interfered with CADET's FMLA rights while she was at the hospital.

51. Throughout CADET's stay at the hospital, RADIXX employees continuously contacted her about work-related matters.

6

52. Hefner brought a laptop to CADET while she was at the hospital so that CADET could work while on FMLA leave.

53. Rather than going to Wilson regarding these issues and payroll related matters while CADET was hospitalized, RADIXX blatantly interfered with CADET's FMLA rights.

54. Wilson was paid more than CADET while performing less duties as the HR Director.

55. In October of 2018, CADET raised several issues related to improper pay practices.

56. While RADIXX ultimately addressed the concerns about the improper pay practices, CADET suffered retaliation because of her objections.

57. On February 1, 2019, CADET was forced to constructively terminate her employment because of the ongoing discrimination and retaliation.

## COUNT I
## PREGNANCY DISCRIMINATION
## (FCRA)

58. CADET hereby incorporates the allegations set forth in Paragraphs 1 through 57 and of the Complaint by reference.

59. CADET was pregnant, placing her within a protected class pursuant to FCRA.

60. CADET was, at all times material hereto, qualified to perform and did perform her job with RADIXX.

61. The FCRA prohibits employers from discriminating against employees on the basis of pregnancy.

62. CADET was subjected to discrimination and adverse employment actions when she was discriminated against based on her pregnancy and was constructively terminated from her position as Director of Human Resources.

63. RADIXX unlawful motivation (pregnancy discrimination) was revealed, in part, when RADIXX treated the non-pregnant employees more favorably than CADET.

64. As a direct and proximate cause of RADIXX discriminatory acts, CADET has incurred, and will continue to incur, economic damages in the form of lost wages and benefits, and other compensable damages in the form of emotional pain and suffering, inconvenience, embarrassment, humiliation, mental anguish, and loss of enjoyment of life.

65. The unlawful employment practices complained of and the actions of RADIXX and/or its agents were willful, wanton, intentional and committed with malice or with reckless indifference to CADET's protected rights, entitling her to damages in the form of punitive damages.

66. CADET has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorneys' fees and costs

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff CADET respectfully demands judgment against Defendant RADIXX for:

    (a)     back pay;

    (b)     front pay in lieu of reinstatement;

    (c)     compensatory damages;

    (d)     punitive damages;

    (e)     attorneys' fees and costs of this action; and

    (f)     such other relief as this Court deems just and proper.

## COUNT II
## GENDER DISCRIMINATION
## (FCRA)

67. CADET hereby incorporates the allegations set forth in Paragraphs 1 through 57 and of the Complaint by reference.

68. CADET is a female, placing her within a protected class pursuant to FCRA.

69. CADET was, at all times material hereto, qualified to perform and did perform her job with RADIXX.

70. The FCRA prohibits employers from discriminating against employees on the basis of gender (female).

71. CADET was subjected to discrimination and adverse employment actions when she was discriminated against based on her gender (female) and was constructively terminated from her position as a Director of Human Resources.

72. RADIXX unlawful motivation (gender discrimination) was revealed, in part, when RADIXX treated the male employees more favorably than CADET.

73. As a direct and proximate cause of RADIXX discriminatory acts, CADET has incurred, and will continue to incur, economic damages in the form of lost wages and benefits, and other compensable damages in the form of emotional pain and suffering, inconvenience, embarrassment, humiliation, mental anguish, and loss of enjoyment of life.

74. The unlawful employment practices complained of and the actions of RADIXX and/or its agents were willful, wanton, intentional and committed with malice or with reckless indifference to CADET's protected rights, entitling her to damages in the form of punitive damages.

75. CADET has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorneys' fees and costs

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff CADET respectfully demands judgment against Defendant RADIXX for:

(a) back pay;

(b) front pay in lieu of reinstatement;

(c) compensatory damages;

(d) punitive damages;

(e) attorneys' fees and costs of this action; and

(f) such other relief as this Court deems just and proper.

## COUNT III
## DISABILITY DISCRIMINATION
## (FCRA)

76. CADET hereby incorporates the allegations set forth in Paragraphs 1 through 57 of the Complaint by reference.

77. At all times relevant to this action, CADET had a disability as defined by the FCRA as she had physical impairments that substantially limited one or more major life activities.

78. At all times material herein, CADET was qualified to perform the essential functions of her position with or without a reasonable accommodation.

79. On August 11, 2017, RADIXX terminated CADET from her position.

80. RADIXX's decision to terminate CADET was based on CADET's disabilities.

81. RADIXX violated the FCRA when it terminated CADET because of her disabilities.

82. As a direct and proximate cause of RADIXX's discriminatory acts, CADET has incurred, and will continue to incur, economic damages in the form of lost wages and benefits and other compensable damages in the form of emotional pain and suffering, inconvenience, embarrassment, humiliation, mental anguish, and loss of enjoyment of life.

83. The unlawful employment practices complained of and the actions of RADIXX and/or its agents were willful, wanton, intentional and committed with malice or with reckless indifference to CADET's protected rights, entitling her to damages in the form of punitive damages.

84. CADET has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff CADET respectfully demands judgment against Defendant RADIXX for:

    (a)    back pay;

    (b)    front pay in lieu of reinstatement;

    (c)    compensatory damages;

    (d)    punitive damages;

    (e)    attorneys' fees and costs of this action; and

    (f)    such other relief as this Court deems just and proper.

### COUNT IV
### FAILURE TO ACCOMMODATE
### (FCRA)

85. CADET hereby incorporates the allegations set forth in Paragraphs 1 through 57 of the Complaint by reference.

86. At all times relevant to this action CADET had a disability as defined by the FCRA as he has physical impairments that substantially limit one or more major life activities.

87. CADET requested reasonable accommodations for her disabilities that would have enabled her to return to work and perform the essential functions of her job.

88. The reasonable accommodations requested by CADET would have allowed CADET to perform the essential functions of her job for RADIXX.

89. RADIXX did not engage CADET in the interactive process to determine reasonable accommodations.

90. RADIXX refused or failed to provide the reasonable accommodations that were requested by CADET.

91. As a direct and proximate cause of RADIXX's discriminatory acts, CADET has incurred, and will continue to incur, economic damages in the form of lost wages and benefits, and other compensable damages in the form of emotional pain and suffering, inconvenience, embarrassment, humiliation, mental anguish, and loss of enjoyment of life.

92. The unlawful employment practices complained of and the actions of RADIXX and/or its agents were willful, wanton, intentional and committed with malice or with reckless indifference to CADET's protected rights, entitling her to seek an award of punitive damages.

93. CADET has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff CADET respectfully demands judgment against Defendant RADIXX for:

    (a)    back pay;

 (b) front pay in lieu of reinstatement;

 (c) compensatory damages;

 (d) punitive damages;

 (e) attorneys' fees and costs of this action; and

 (f) such other relief as this Court deems just and proper.

**COUNT V
UNLAWFUL RETALIATION
(FCRA)**

94. CADET hereby incorporates the allegations set forth in Paragraphs 1 through 57 of the Complaint by reference.

95. CADET engaged in statutorily protected activity by objecting to and complaining of disability discrimination, exercising her right to an accommodation and unlawful conduct in violation of the FCRA.

96. RADIXX violated the FCRA by retaliating against CADET for objecting to the disability discrimination to which she was being subjected to and exercising her right to an accommodation, with such practices constituting an unlawful employment practice under the FCRA.

97. The adverse employment actions suffered by CADET include, but are not limited to, her termination, which was causally related to and in retaliation for CADET having engaged in the protected activity of complaining about, and objecting in good faith to, disability discrimination as prohibited by the FCRA.

98. As a direct and proximate cause of RADIXX's discriminatory and retaliatory acts, CADET has incurred, and will continue to incur, economic damages in the form of lost wages and

benefits and other compensable damages in the form of emotional pain and suffering, inconvenience, embarrassment, humiliation, mental anguish, and loss of enjoyment of life.

99.     The unlawful employment practices complained of and the actions of RADIXX and/or its agents were willful, wanton, intentional and committed with malice or with reckless indifference to CADET's protected rights, entitling her to damages in the form of punitive damages.

100.    CADET has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorneys' fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff CADET respectfully demands judgment against Defendant RADIXX for:

(a) back pay;

(b) front pay in lieu of reinstatement;

(c) compensatory damages;

(d) punitive damages;

(e) attorneys' fees and costs of this action; and

(f) such other relief as this Court deems just and proper.

### COUNT VI
### INTERFERENCE WITH RIGHTS
### (FMLA)

101.    CADET hereby incorporates the allegations set forth in paragraphs 1 through 57 by reference.

102.    At all times material hereto, CADET was eligible for leave under the FMLA as she was employed with RADIXX for over one year, worked in excess of 1,250 hours in the twelve

month periods preceding each leave request, and worked at a location that employed fifty (50) or more employees within a seventy five (75) mile radius.

103. CADET sought leave in 2018 due to her treatment for a serious health condition.

104. CADET was approved to take leave by RADIXX.

105. At no time during 2018 did CADET exhaust her twelve (12) week entitlement to medical leave.

106. RADIXX interfered with CADET's right to leave by coercing, threatening and intimidating CADET in an attempt to make her forego her exercise of that right.

107. RADIXX further interfered with CADET's FMLA rights by requiring her to perform job duties while on leave.

108. RADIXX's interference with CADET's rights prompted the chain of events that ultimately caused her constructive discharge, thereby causing CADET to suffer lost wages and other earnings.

109. RADIXX acted in bad faith and with disregard of CADET's rights under the FMLA.

110. CADET has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, CADET demands judgment against RADIXX for:

(a) back pay and/or lost earnings;

(b) liquidated damages;

(c) attorneys' fees and costs of this action pursuant to the FMLA; and

(d) such other relief as this Court deems just and proper.

## COUNT VII
## RETALIATION
## (FMLA)

111. CADET hereby incorporates the allegations set forth in paragraphs 1 through 57 by reference.

112. Following CADET's exercise of rights under the FMLA, RADIXX retaliated against CADET by constructively terminating her employment.

113. This retaliatory conduct placed CADET in circumstances that no reasonable person would tolerate, resulting in her constructive discharge.

114. RADIXX acted in bad faith and with disregard of CADET's rights under the FMLA.

115. CADET has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, CADET demands judgment against RADIXX for:

(a) back pay and/or lost earnings;

(b) liquidated damages;

(c) attorneys' fees and costs of this action pursuant to the FMLA; and

(d) such other relief as this Court deems just and proper

## COUNT VIII
## RETALIATION IN VIOLATION OF FLORIDA'S PRIVATE SECTOR WHISTLE BLOWER ACT, FLORIDA STATUTES, §448.101 *et seq.*

116. CADET hereby incorporates the allegations set forth in Paragraphs 1 through 57 Complaint by reference.

117.  Florida Statutes, §448.102(3), expressly provides a cause of action for any employee who has been the object of a retaliatory personnel action because the employee, inter alia, objected to, or refused to participate in, any activity, policy or practice of the employer which is or reasonably believed to be in violation of a law, rule or regulation.

118.  CADET reported and notified RADIXX of, and objected to and refused to participate in, activities, policies and practices of RADIXX that are or reasonably believed to be violations of laws, rules or regulations. Specifically, CADET objected to and complained of, *inter alia*, violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA").

119.  As a direct result and proximate cause of CADET's legally protected objections to apparent violations of laws, rules or regulations pursuant to Florida Statutes, §448.102(3), CADET was retaliated against in the terms and conditions of her employment when she was constructively terminated.

120.  RADIXX actively and knowingly participated in the retaliatory personnel actions against CADET because of her protected objections to and refusal to participate in apparent violations of laws, rules or regulations in violation of Florida Statutes, §448.101, *et seq.*

121.  As a direct consequence of these actions, CADET suffered past and future pecuniary losses, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity and other non-pecuniary and intangible injuries.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff CADET respectfully demands judgment against Defendant RADIXX for:

    (a)    damages for lost wages, benefits and any other applicable remuneration;

    (b)    other compensatory damages as permitted by law;

(c) prejudgment interest;

(d) Plaintiff's attorneys' fees and costs of this action pursuant to Florida Statutes, §448.104;

(e) injunctive relief consisting of an Order prohibiting further retaliatory action by RADIXX as provided under Florida Statutes, §448.103(2)(a); and

(f) any other such relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, KATY CADET, hereby demands trial by jury on all issues so triable as a matter of right.

Date: August 28, 2020

          Respectfully submitted,

          s/Jill S. Schwartz
          Jill S. Schwartz, Esquire
          Florida Bar No.: 523021
          David H. Spalter, Esquire
          Florida Bar No. 966347
          Lauren R. Robertson, Esquire
          Florida Bar No.: 109236
          R. Sebastian Arroyo, Esquire
          Florida Bar No.: 1013893
          JILL S. SCHWARTZ & ASSOCIATES, P.A.
          655 West Morse Blvd., Ste. 212
          Winter Park, Florida 32789
          Telephone: (407) 647-8911
          Facsimile: (407) 628-4994
          E-mail: jschwartz@schwartzlawfirm.net
          dspalter@schwartzlawfirm.net
          lrobertson@schwartzlawfirm.net
          Attorneys for Plaintiff

## VERIFICATION

Personally appeared before the undersigned, KATY CADET, who being first duly sworn, deposes and says that the allegations of this Complaint and Demand for Jury Trial, consisting of paragraphs 1 through 121, inclusive, are true and correct to the best of her knowledge, information and belief.

_____
KATY CADET

STATE OF FLORIDA )

COUNTY OF Orange )

The foregoing instrument was acknowledged before me this 26 day of Aug, 2020 by KATY CADET, who is personally known to me or who has produced FL Driver License as identification, and who did take an oath.

SCARLETT RODRIGUEZ
Notary Public – State of Florida
Commission # GG 110302
My Comm. Expires May 31, 2021

_____
Notary Public – State of Florida at Large

My Commission Expires: 05/31/2021

19